# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| CAROLYN ANDERSON | : | DOCKET NO. 05-0546 |
| VS. | : | JUDGE TRIMBLE |
| JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY | : | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Before the court is plaintiff's petition for review of the Commissioner's denial of social security disability benefits. The matter has been referred to the undersigned magistrate judge for a report and recommendation pursuant to 28 U.S.C. §636(b)(1)(B).

After a review of the entire administrative record and the briefs filed by the parties, and pursuant to 42 U.S.C. §405(g), the undersigned finds that the Commissioner's decision is supported by substantial evidence in the record and is consistent with relevant legal standards. *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

## BACKGROUND

On April 24, 2002, Anderson filed the instant claim for Disability Insurance Benefits. (Tr. 39-41). She alleged an inability to work since March 11, 2002, due to: arthritis in both knees and feet, "bone sprials," and a cyst on her right knee. (Tr. 39, 56). The claim was denied at the initial level of the administrative process. (Tr. 20-24). Thereafter, Anderson requested, and received a May 21, 2003, hearing before an ALJ. (Tr. 125-148). However, in a June 20, 2003, written decision, the ALJ determined that Anderson was not disabled under the Act, finding at Step Five of the sequential evaluation process that she retained the residual functional capacity to

make an adjustment to work that exists in substantial numbers in the national economy. (Tr. 11-18). Anderson appealed the adverse decision to the Appeals Council. Yet, on January 12, 2005, the Appeals Council denied Anderson's request for review, and thus the ALJ's decision became the final decision of the Commissioner. (Tr. 3-5).

On March 18, 2005, Anderson petitioned this court to review the denial of benefits. She alleges the following errors:

(1) the ALJ erred by failing to fully and fairly develop the record in reference to the mandated Step Three inquiry;

(2) the ALJ's residual functional capacity assessment is not supported by substantial evidence;

(3) the ALJ erred in exclusively relying on the medical-vocational guidelines; and

(4) the ALJ erred by not making a separate finding that Anderson could maintain employment for a significant period of time.

## **STANDARD OF REVIEW**

The court's review of the ultimate decision of the Commissioner is limited to determining whether the administrative decision is supported by substantial evidence and whether the decision is free of legal error. *Dellolio v. Heckler*, 705 F.2d 123 (5th Cir. 1993). Where the Commissioner's decision is supported by substantial evidence, the findings therein are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's decision is not supported by substantial evidence when the decision is reached by applying the improper legal standards. *Singletary v. Brown*, 798 F.2d 818 (5th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. at 401.

When appearing before the ALJ, the plaintiff had the burden of proof to establish a

medically determinable physical or mental impairment that prevented her from engaging in any substantial gainful activity for at least twelve consecutive months. 42 U.S.C. §§423(d)(1)(A) & 1381(a). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen,* 864 F.2d 340, 343-344 (5th Cir. 1988). The reviewing court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Secretary. *Greenspan v. Shalala*, 38 F.3d 232, (5th Cir. 1994).

## LAW AND ANALYSIS

The secretary evaluates disability claims under the Social Security Act through a five-step process: (1) Is the claimant currently working and engaged in substantial gainful activity? (2) Can the impairment or combination of impairments be classified as severe? (3) Does the impairment(s) meet or equal a listed impairment in Appendix 1 of the Secretary's regulations? (If so, disability is automatic.) (4) Does the claimant's residual functional capacity permit her to perform past relevant work? and if not, (5) Can the claimant perform other work? 20 C.F.R. §§ 404.1520, 416.920. When a finding of "disabled" or "not disabled" may be made at any step, the process is terminated. *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). The first four steps place the burden upon the claimant. At the fifth step, the burden shifts to the Secretary to establish that the claimant can perform other work. If the Secretary meets this burden, then the claimant must then prove that he cannot in fact perform the work suggested. *See Falco v. Shalala*, 27 F.3d 160 (5th Cir. 1994); *Muse v. Sullivan*, 925 F.2d 785 (5th Cir. 1991).

**Issue 1:**

The ALJ found at Step Two of the sequential evaluation process that Anderson suffered

from severe impairments consisting of: bilateral arthritis of the knees, obesity, hypertension, and asthma. (Tr. 12, 17). However, the ALJ concluded that the impairments were not severe enough to meet or medically equal any one of the impairments listed in the Category of Impairments in Appendix 1 to Subpart P, Social Security Regulations No. 4. *Id.*

Plaintiff contends that the ALJ erred because he failed to specifically address or discuss why plaintiff's impairments did not satisfy potential listings. However, the ALJ is not required to so specify. *See, Hernandez v. Heckler*, 704 F.2d 857, 860 (5th Cir. 1983)(found no error in the ALJ's bypassing of the first three steps of the sequential evaluation process).

Plaintiff contends that her impairments satisfy sections 1.02, 3.03, and 4.03 of the Listings of Impairments. At Step Three, a claimant must provide medical findings that support *all* of the criteria for the equivalent impairment determination. *Selders v. Sullivan*, 914 F.2d 614, 619 (5th Cir. 1990)(citing, *Sullivan v. Zebley*, 493 U.S. 521, 110 S.Ct. 885, 891 (1990)(emphasis added). However, plaintiff has not set forth the requisite medical findings to meet any of the aforementioned listings.

**<u>Issue 2:</u>**

The ALJ next determined that Anderson retained the residual functional capacity for sedentary work.[1] Plaintiff challenges this determination

---

[1] Sedentary work entails:
> . . . lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. 404.1567(a).

Plaintiff argues that the ALJ failed to consider limitations resulting from her congenital right hand problem or to recognize that her right hip gives out. Plaintiff further argues that the ALJ failed to properly consider the effects of her asthma, and obesity, and the combined effects of all her impairments. However, the ALJ acknowledged plaintiff's numerous impairments. Moreover, in his decision, the ALJ recognized that after a severe impairment is determined, all medically determined impairments must be considered in the remaining steps of the analysis. (Tr. 12).

We further note that the ALJ's residual functional capacity assessment is supported by the findings of the consultative orthopedic physician, Robert Po, M.D., who examined plaintiff on, or about June 18, 2002. (Tr. 106-108).[2] Indeed, during the examination plaintiff specifically recounted her treatment for asthma, her obesity, right hip pain (and the fact that she sometimes has to drag her right leg), bilateral knee and heel pain, left hand pain, and right hand swelling. *Id*. She reported that her pain was a 10 on a 10 point scale. *Id*. Nevertheless, Po's diagnosis was limited to bilateral osteoarthritis of the knees, worse on the left side; morbid obesity; and hypertension. *Id*. Despite Anderson's complaints, alleged pain, and impairments, Dr. Po opined that she could occasionally lift 25 pounds, and frequently lift a total of 10 pounds. *Id*. In an eight hour day, she could sit for a total of six hours, and continuously for one hour. *Id*. In an eight hour period, she could stand/walk a total of four hours and continuously 15 minutes. *Id*. The use of a crutch or cane was not required. *Id*. She should also avoid foot controls, kneeling, squatting, climbing, and work at heights. *Id*. Po found no hearing, seeing, speaking, or mental

---

[2] The record contained no other medical assessment of plaintiff's limitations. The agency physical residual functional capacity form was completed by a non-physician disability examiner. (Tr. 112-119). Accordingly, we afford it no significant weight.

problems. *Id*.³

Plaintiff contends that the ALJ did not adequately consider her allegations of pain. We emphasize that pain is considered disabling under the Social Security Act only when it is "constant, unremitting, and wholly unresponsive to therapeutic treatment." *Selders v. Sullivan*, 914 F.2d 614, 618-619 (5th Cir. 1990). The ALJ's decision as to the credibility of plaintiff's complaints of pain is entitled to considerable judicial deference if supported by substantial evidence. *James v. Bowen*, 793 F.2d 702, 706 (5th Cir. 1986); *Wren v. Sullivan*, 925 F.2d 123, 128 (5th Cir. 1991). Factors that the ALJ may consider in evaluating the claimant's subjective complaints include: (1) claimant's daily activities; *Falco v. Shalala*, 27 F.3d 160 (5th Cir. 1994); *Anthony v. Sullivan*, 954 F.2d 289, 296 (5th Cir. 1992); *Reyes v. Sullivan*, 915 F.2d, 151, 155 (5th Cir. 1990); (2) medication the claimant takes for pain; *Anthony v. Sullivan, supra; Villa v. Sullivan,* 895 F.2d 1019, 1024 (5th Cir. 1990); (3) degree of medical treatment; *Villa v. Sullivan, supra; Nickerson v. Secretary of Health and Human Services*, 894 F.Supp. 279 (E.D. Tx. 8/3/1995);* (4) lack of medical opinions in the record indicating the claimant is precluded from performing the level of activity indicated by the ALJ; *Villa v. Sullivan, supra;* and (5) external manifestations of debilitating pain such as marked weight loss. *Falco v. Shalala*, 27 F.3d 160 (5th Cir. 1994); *see also* 20 CFR §§404.1529(C)(3)(I)-(vii), 416.929(c)(3)(I)-(vii) (1993).

The ALJ did not question that plaintiff suffered some pain; he only determined that plaintiff's allegations were not totally credible. (Tr. 15, 17). In this regard, he emphasized that plaintiff's medical treatment was not consistent with severe pain. For instance, plaintiff stopped

---

³ Despite plaintiff's asthmatic condition, Dr. Po's limitations did not include avoiding temperature extremes. *Id*. Yet, even if plaintiff's condition caused her to avoid temperature extremes, that would not significantly erode the sedentary occupational base. SSR 96-9p.

taking her prescribed pain medication. (Tr. 142, 91). Moreover, plaintiff acknowledged significant daily activities, including the ability to: manage her personal grooming and hygiene needs; complete household chores; shop once per week for clothes and food; and attend church twice per week. (Tr. 74-78). Finally, we note that despite plaintiff's statement to Dr. Po that her pain was at the most severe end of the scale, he nonetheless issued limitations consistent with the ALJ's determination.

In sum, we find that the ALJ's residual functional capacity assessment is supported by substantial evidence.

**Issue 3**:

At Step Four of the sequential evaluation process, the ALJ concluded that Anderson was unable to return to her past relevant work. (Tr. 16, 18). Accordingly, the ALJ proceeded to Step Five. At this step, the ALJ determined that plaintiff was a younger individual, with a high school education and no transferable skills. *Id*.[4] Relying upon the medical-vocational guidelines, the ALJ concluded that Anderson was not disabled. Rule 201.21, Appendix 2, Subpart P, Regulations No. 4. (Tr. 17-18).

Plaintiff complains that her non-exertional impairments preclude use of the guidelines. Yet, non-exertional impairments that do not significantly impact the occupational base for work do not preclude use of the guidelines. *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987)(citations omitted)(when a claimant's non-exertional impairments do not significantly affect her residual functional capacity, the ALJ may rely exclusively on the Guidelines); *see also*, *Crowley v. Apfel*, 197 F.3d 194, 199 (5th Cir. 1999); *Selders v. Sullivan*, 914 F.2d 614, 618-619

---

[4] Anderson was 46 at the time of the hearing. (Tr. 128).

7

(5th Cir. 1990).

Here, the ALJ determined that Anderson was capable of the full range of sedentary work. Although, the ALJ's assessment omitted Dr. Po's recommendation that Anderson avoid: foot controls, kneeling, squatting, climbing, and working at heights, these activities have little or no impact on the unskilled, sedentary occupational base. *See*, SSR 96-9p. Accordingly, the ALJ did not err in relying exclusively on the guidelines.

**Issue 4:**

Plaintiff argues that the ALJ erred by failing to separately determine that Anderson could maintain employment. *See*, *Watson v. Barnhart*, 288 F.3d 212 (5th Cir. 2002). However, ". . . nothing in *Watson* suggests that the ALJ must make a specific finding regarding the claimant's ability to maintain employment in every case." *Frank v. Barnhart*, 326 F.3d 618 (5th Cir. 2003). In cases where the claimant's ability to maintain employment is subsumed in the determination of whether she is able to obtain employment, there is no need to engage in a separate analysis. *Id.*[5]

For the foregoing reasons, we find that the Commissioner's determination that Anderson was not disabled under the Social Security Act, is supported by substantial evidence and is free of legal error. Accordingly,

IT IS RECOMMENDED that the Commissioner's decision be affirmed and the matter dismissed.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days

---

[5] Especially in cases, as here, where the ALJ has cited the relevant regulation(s) and ruling(s). *Dunbar v. Barnhart*, 330 F.3d 670 (5th Cir. 2003).

from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 12th day of May, 2006.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE